## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| DARRELL LYNN DANCY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No.  7:16-CV-8029-SLB |
| vs. | ) | Crim. Case No. 7:08-CR-0255-SLB-PWG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on petitioner Darrell Lynn Dancy's

Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody [hereinafter Motion to Vacate].  (Doc. 1; crim. doc. 13.)[1]  In response, the

Government has stated that it "agrees that [Dancy] is entitled to a resentencing because his

Alabama conviction for shooting a firearm into an occupied vehicle is not a 'violent felony'

under the Armed Career Criminal Act in light of *United States v. Estrella*, 758 F.3d 1239

(11th Cir. 2014), *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United*

*States*, 136 S. Ct. 1257 (2016)."[2]  (Doc. 8 at 1.)

---

[1]Citations to documents in the court's record in petitioner's Motion to Vacate appear as "(Doc. __)."  Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 7:08-CR-0255-SLB-PWG, appear as "(Crim. Doc. __)."  Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

[2]The Eleventh Circuit's decision in *Estrella* found that Florida's statute criminalizing shooting into an occupied vehicle or building was not a crime of violence because it could be accomplished with only an attempt to use force against property.  The Eleventh Circuit later explained:

. . . [T]he PSR indicates that defendant Estrada's assault was also targeted at an occupied automobile. In *Estrella,* we first examined whether [Fla. Stat.] §790.19 had as an element the use, attempted use, or threatened use of physical force against the person of another, which is required before a statute can be deemed a crime of violence for purposes of [U.S.S.G.] § 2L1.2. We noted that, as a categorical matter, it did not, because some prongs of the statute did not contain an element requiring that the physical force threatened, attempted, or used be directed against a person, as opposed to property. This meant that the statute punished some conduct that would fit the Guidelines' definition of a crime of violence, but it also punished some conduct that would not satisfy that definition. *Estrella,* 758 F.3d at 1248. Stated more simply, some parts of the statute would permit conviction even when the defendant had not directed physical force against a person, as opposed to physical property.

Our analysis did not stop there, however. We looked further to see whether the statute could be considered to be a divisible statute, as set out in *Descamps v. United States,* 570 U.S. ——, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). If the statute were considered to be divisible, we could then proceed to analyze whether, under a modified categorical test, the particular conviction meshed with those elements required for an offense to constitute a crime of violence. If the statute were deemed, indivisible, however, the inquiry was over and the particular conviction could not be considered a crime of violence for purposes of enhancing the defendant's sentence. *Estrella,* 758 F.3d at 1245-47.

In examining § 790.19, we concluded that it was a divisible statute; that is, it "effectively create[s] several different crimes." *Id.* at 1249 (alteration in original)(citation omitted). Given that conclusion, we then applied the modified categorical test to determine whether defendant Estrella had been effectively convicted of an offense with elements equivalent to those elements found in an offense for a crime of violence. We concluded that Estrella could be deemed to have been convicted of a crime of violence if his conviction was for wanton conduct, because Florida law defines "wanton" to mean that one has acted intentionally or with reckless indifference to the consequences and with knowledge that damage is likely to be done to some person. *Id.* at 1253. But if instead Estrella had been convicted of only malicious conduct, the latter was satisfied by knowledge that injury or damage would be done to a person *or* to property and, in that case, Estrella would not be deemed to have been

The law is well established that, "Confessions of error do not relieve this Court of the performance of the judicial function. Our judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of parties." *United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015),(quoting *Sibron v. New York*, 392 U.S. 40, 58 (1968)(quoting *Young v. United States*, 315 U.S. 257, 258-59 (1942)))(internal quotations and citations omitted). Based on the court independent review of Dancy's habeas claim and the sentencing record, the court finds that Dancy's habeas petition is due to be denied.

---

convicted of a crime of violence.

*United States v. Estrada*, 777 F.3d 1318, 1321-22 (11th Cir. 2015)(emphasis in original). The Eleventh Circuit has not overruled or limited *Estrella*, but the Fifth Circuit has noted that the *Estrella* "ruling has been overtaken and undermined by *Mathis* [*v. United States*, 136 S. Ct. 2243 (2016),] and *Voisine* [*v. United States*, 136 S. Ct. 2272 (2016)]." *United States v. Mendez-Henriquez*, 847 F.3d 214, 224 (5th Cir. 2017). The *Voisine* Court held that "the word 'use' does not exclude from § 922(g)(9)'s compass an act of force carried out in conscious disregard of its substantial risk of causing harm," and, therefore, includes "acts undertaken with awareness of their substantial risk of causing injury." *Voisine*, 136 S. Ct. 2272, 2279 (2016). Under this definition of the word "use," as applied to the ACCA's definition of a violent felony, "use, attempted use, or threatened us of physcial force against the person of another" would include reckless conduct and a "violent felony conviction" under the elements clause would be any felony that has as an element volitial conduct – "a deliberate decision to endanger another." *Id*. at 2280. Under such definition of the phrase "use of force," the *Estrella* court's distinction between actions toward property or person is undermined by *Voisine*.

Nevertheless, the court need not decide whether Dancy's prior conviction for shooting into an occupied vehicle is a violent felony for purposes of the ACCA because Dancy has three prior convictions for serious drug offenses.

3

Dancy contends that he was improperly sentenced as an armed career criminal to 180 months for possession of a firearm by a convicted felon because "his prior conviction for shooting into an occupied vehicle . . . can no longer be used to enhacne his sentence under the ACCA residual clause . . . ." (Doc. 1 at 4.)  The Government states that Dancy was sentenced to fifteen years based on "three prior Alabama convictions:  ***two*** marijuana-distribution offenses that were classified as serious drug offenses; and the offense of shooting into an occupied vehicle, which was classified as a violent felony." (*See* doc. 8 at 2 [emphasis added].)  The Government also contends that Dancy's conviction for shooting into an occupied vehicle is not a violent felony conviction and that "Dancy's sentence should be vacated for resentencing." (*Id*. at 5.)

The PSR demonstrates that, in addition to his conviction for shooting into an occupied vehicle, Dancy had ***three*** convictions for serious drug offenses, not two.

Section 924(e)(1) states:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1)[3] of this title

_____

[3]Dancy was charged with violating 18 U.S.C. 922(g)(1), which states:

(g)  It shall be unlawful for any person –

(1)  who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

> for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1)(footnote added). "A serious drug offense" includes, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id*. § 924(e)(2)(A)(ii). Also, the requirement that the previous convictions were "committed on occasions different from one another" requires that the crimes of conviction be "temporally distinct" –

> So long as the predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA. Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small, and two offenses are considered distinct if some temporal break occurs between them.

*United States v. Weeks*, 711 F.3d 1255, 1261 (11th Cir. 2013)(internal citations and quotations omitted).

According to the PSR, Dancy had convictions for (1) unlawful distribution of marijuana in the first degree within three miles of a school on August 8, 2001; (2) unlawful distribution of controlled substance (marijuana), within three miles of a school on November 30, 2001, and (3) unlawful distribution of controlled substance (marijuana) within three miles of a school on March 8, 2002. (Doc. 10 at 9-10.) Dancy did not object to the fact of

---

*Id*.

these convictions at sentencing. The unlawful distributions for which Dancy was convicted occurred on three different occasions.

Under Alabama law, unlawful distribution of a controlled substance is a Class B felony, Ala. Code § 13A-12-211(b), for which the possible term of imprisonment is "not more than 20 years or less than 2 years," Ala. Code § 13A-5-6. Because he was convicted of distributing a controlled substance within three miles of a school, Dancy faced an additional term of imprisonment of 5 years. Therefore, even without consideration of his conviction for shooting into an occupied vehicle, Dancy has three qualifying prior convictions for purposes of sentencing him to a term of imprisonment for 180 months.

The court finds that, even if the shooting into an occupied vehicle conviction is not considered, Dancy has three prior convictions for serious drug offenses and this court would be required sentence Dancy to 15 years as an Armed Career Criminal. Therefore, Dancy's Motion to Vacate is due to be denied and his Habeas Petition will be dismissed.

## CONCLUSION

Based on the foregoing, the Motion to Vacate, filed by petitioner Darrell Lynn Dancy, (doc. 1; crim. doc. 13), is due to be denied. An Order denying the Motion to Vacate and dismissing Dancy's habeas petition will be entered contemporaneously with this Memorandum Opinion.

# CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . *only* if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

Dancy is not entitled to be sentenced to less than 15 years for being a felon in possession of a firearm after being convicted of three violent felonies or serious drug offenses or both; reasonable jurists could not disagree. He has not demonstrated that the issue he raises is reasonably debatable and/or deserves encouragement to proceed further. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this 23rd day of June, 2017.

*Sharon Lovelace Blackburn*

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE